54

FILED

2003 SEP 12 P 2: 18

US DISTRICT COURT
HARTFORD CT

UNITED STATES DISTRICT COURT
for the
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **MY NGUYEN** | : |
| | : CIVIL ACTION NO. |
| v. | : |
| | : 301 CV 832 (AVC) |
| **STANADYNE AUTOMOTIVE** | : |
| **CORP. and PHAT NGUYEN** | : September 11, 2003 |

### APPLICATION FOR WAGE EXECUTION

My Nguyen, Plaintiff herein, applies for entry of an order for a wage execution against Phat Nguyen and represents as follows:

In response to Plaintiff's responses to post-judgment interrogatories, Phat Nguyen represented that he is paid wages on the 15th and last day of each month by the following employer:

> Stanadyne Corporation
> 92 Deerfield Road
> Windsor, CT 06095

3:01CV832(AVC). October 22, 2003. The application for wage execution is DENIED without prejudice to its refiling, if desired, in compliance with F. R. Civ. P. 69 and the relevant Connecticut statutes. Federal Rule of Civil Procedure 69 provides that the "procedure on execution . . . of a judgment . . . shall be in accordance with the practice and procedure of the state in which the district court is held." Thus, generally, state law controls the procedures relating to garnishment. Conn. Gen. Stat. § 52-361a provides the relevant rules of procedure for garnishment of wages. The instant application does not comply with the procedure and practice articulated in Conn. Gen. Stat. § 52-361a, and, therefore, the motion is DENIED.
SO ORDERED.

Alfred V. Covello, U.S.D.J.