UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| MY NGUYEN | : |
| Vs. | : CASE NO. 3:01CV00832(AVC) |
| STANADYNE AUTOMOTIVE CORP., ET AL | : : |

<u>RULING ON BILLS OF COSTS</u>

      Judgment entered on July 25, 2003, after a jury trial in which the jury returned a verdict for the plaintiff on her claims against defendant Phat Nguyen and a verdict for defendant Stanadyne on plaintiff's claims. Plaintiff's Bill of Costs was filed on July 31, 2003 and defendant Stanadyne filed its Verified Bill of Costs on August 15, 2003. Defendant Stanadyne filed its objection to plaintiff's Bill of Costs on August 15, 2003. Plaintiff filed an objection to defendant Stanadyne's Bill of Costs on September 12, 2003, and an amended objection on September 15, 2003. For the reasons stated below, plaintiff's Bill of Costs is granted in part and denied in part; and defendant Stanadyne's Verified Bill of Costs is granted in part and denied in part.

**<u>PLAINTIFF'S BILL OF COSTS:</u>**
<u>FEES OF DEPUTY MARSHAL ABRAHAM GLASSMAN</u> - Plaintiff has submitted a claim for fees of the deputy marshal in the amount of $110.00. However, no supporting documentation has been submitted to reflect this amount. Therefore, this claim is denied without prejudice to renewal within ten days upon the submission of supporting documentation.

<u>FILING FEE</u> - Pursuant to Local Rule 54(c)1, fees of the clerk are taxable as costs. Court records reflect that the filing fee in the amount of $150.00 was paid by the plaintiff on May 11, 2002. Therefore, this claim is allowed in the amount of $150.00.

TRANSLATOR - Plaintiff has submitted a claim for translator fee in the amount of $1,061.40. There is no documentation to support this claim. It is denied without prejudice to renewal within ten days upon the submission of proper documentation.

SUMMARY - For the reasons previously stated, plaintiff's bill of costs is allowed in the amount of $150.00.

**DEFENDANT STANADYNE'S VERIFIED BILL OF COSTS:**
ATTORNEY FEE AT TRIAL - The defendant has submitted a claim for attorney's fee at trial in the amount of $20.00, which is allowed pursuant to 28 USC 1923.

DEPOSITION TRANSCRIPT OF MY NGUYEN - Defendant is entitled to costs for an original and one copy of a transcript and any court reporter attendance fees, to be taxed at the prevailing page rate pursuant to Local Rule 80. Pursuant to Vol. VI, Chap. XX of the "Guide to Judiciary Policies and Procedures," maximum transcript rates for an original and one copy are $3.75 per page. Postage and handling and charges for delivery of transcripts are not recoverable as costs, Wahl v Carrier Mfg. Co., Inc., 511 F.2d 209, 217 (7th Cir., 1975). Deposition transcripts are taxable if used at trial in lieu of live testimony, for cross-examination, for impeachment, or in support of a successful motion for summary judgment pursuant to Local Rule 54(c)2(ii). A review of the court records reflect that plaintiff testified at trial. Defendant has submitted a claim for the deposition transcript of plaintiff in the amount of $425.06, which is allowed in the reduced amount of $419.06, eliminating the shipping and handling charge.

SUBPOENAS FOR NONPARTY WITNESSES TESTIFYING AT TRIAL - Process server fees are taxable only to the extent they do not exceed the costs that would have been incurred had the U. S. Marshal effected service, since only the Marshal's fee amount is actually statutorily authorized, U.S. v. Merritt Meridian Construction Corp., Pursuant to Local Rule 54(c)4(i),

witness fees are taxable when the witness has actually testified or was necessarily in attendance at trial and whether or not the witness voluntarily attended or was present under subpoena. The defendant has submitted claims for witness Christel Collins for service fee in the amount of $48.80 and attendance/mileage fee in the amount of $45.00. As the invoice submitted in support of the claim for service fee is not broken down, it is allowed in the statutory amount of $45.00. The documentation submitted in support of defendant's claim for Ms. Collins' attendance/mileage fee does not indicate the mileage. Therefore, this claim is allowed in the reduced amount of $40.00, which is the statutory rate.

INTERPRETER FEE AT TRIAL - Defendant has submitted a claim for interpreter fee in the amount of $530.70, which represents half of the amount charged. In its objection to plaintiff's bill of costs, defendant states that the fee was to be shared; however, there is no supporting documentation, such as a letter agreement, to this statement. Therefore, this claim is denied without prejudice to renewal within ten days upon the submission of supporting documentation.

SUMMARY ON DEFENDANT STANADYNE'S BILL OF COSTS - For the reasons previously stated, defendant Stanadyne's bill of costs is allowed in the amount of $524.06.

Pursuant to Local Rule 54(d), the parties may appeal this decision to the presiding judge within five days of the entry of this ruling.

                                                KEVIN F. ROWE, CLERK

                          By:   /s/
                                Mary A. Wiggins
                                Deputy-in-Charge