UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MY NGUYEN, | : | |
| | : | CASE NO.   3:01 CV 832(AVC) |
| PLAINTIFF, | : | |
| | : | |
| v. | : | |
| | : | |
| STANADYNE AUTOMOTIVE | : | |
| CORPORATION AND PHAT NGUYEN, | : | |
| | : | |
| DEFENDANTS. | : | JANUARY 23, 2004 |

## SUPPLEMENTAL MEMORANDUM IN SUPPORT OF VERIFIED BILL OF COSTS

In accordance with the Ruling on Bills of Costs (DOC. 60) (copy attached as Exhibit A), undersigned counsel for Defendant Stanadyne Corporation hereby submits the following to demonstrate an agreement with Plaintiff's counsel Charles D. Houlihan Jr., Esq. that the two respective law offices would share equally the cost of the translator at trial and, accordingly, that Defendant Stanadyne Corporation is entitled to costs for same in the amount of $530.70:

1. July 16, 2003 fax from Glenn A. Duhl, Esq. to Charles D. Houlihan Jr., Esq. asking if he would consent to Stanadyne and Phat Nguyen paying 50% and his client paying 50% of the translator fee. See Exhibit B.

2. July 21, 2003 fax from Glenn A. Duhl, Esq. to Charles D. Houlihan Jr., Esq. confirming that the two respective law offices would share equally the cost of the translator. See Exhibit C.

3. September 5, 2003 letter from Glenn A. Duhl, Esq. to the translator enclosing one-half of the translator's invoices for the trial and re-confirming that Plaintiff's counsel had agreed to share the costs. See Exhibit D.

At no time has Plaintiff's counsel disagreed with the foregoing.

## AFFIDAVIT

State of Connecticut
                      ss.: at Hartford
County of Hartford

I, Glenn A. Duhl, being duly sworn, depose and say that I am an attorney for Defendant Stanadyne Corporation in the above-entitled cause and as such have knowledge of the facts relative to the above costs and disbursements; that the items in the above memorandum are correct, and have been necessarily incurred in the said cause; that the services charged therein have been actually and necessarily performed as therein stated; and that the representations set forth above are true and accurate to the best of my knowledge and belief.

_____
Glenn A. Duhl

Subscribed and sworn to before me on this 23rd day of January, 2004.

_____
Commissioner of the Superior Court

STANADYNE CORPORATION
By: _____
Richard D. O'Connor  ct05388
Glenn A. Duhl  ct03644
Siegel, O'Connor, Zangari,
   O'Donnell & Beck, P.C.
150 Trumbull Street
Hartford, CT 06103
Tel.: (860) 727-8900
Fax: (860) 527-5131
gduhl@siegeloconnor.com
roconnor@siegeloconnor.com

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Memorandum in Support of Bill of Costs has been served upon counsel for Plaintiff, Charles D. Houlihan, Jr., Esq., P.O. Box 582, Simsbury, CT 06070, and A. Paul Spinella, Esq., Spinella & Associates, One Lewis Street, Hartford, CT 06103, by first class mail, postage prepaid, this 23rd day of January 2004.

_____
Glenn A. Duhl

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| MY NGUYEN | : |
| Vs. | :     CASE NO. 3:01CV00832(AVC) |
| STANADYNE AUTOMOTIVE CORP., ET AL | : <br> : |

<u>RULING ON BILLS OF COSTS</u>

     Judgment entered on July 25, 2003, after a jury trial in which the jury returned a verdict for the plaintiff on her claims against defendant Phat Nguyen and a verdict for defendant Stanadyne on plaintiff's claims. Plaintiff's Bill of Costs was filed on July 31, 2003 and defendant Stanadyne filed its Verified Bill of Costs on August 15, 2003. Defendant Stanadyne filed its objection to plaintiff's Bill of Costs on August 15, 2003. Plaintiff filed an objection to defendant Stanadyne's Bill of Costs on September 12, 2003, and an amended objection on September 15, 2003. For the reasons stated below, plaintiff's Bill of Costs is granted in part and denied in part; and defendant Stanadyne's Verified Bill of Costs is granted in part and denied in part.

**PLAINTIFF'S BILL OF COSTS:**
<u>FEES OF DEPUTY MARSHAL ABRAHAM GLASSMAN</u> - Plaintiff has submitted a claim for fees of the deputy marshal in the amount of $110.00. However, no supporting documentation has been submitted to reflect this amount. Therefore, this claim is denied without prejudice to renewal within ten days upon the submission of supporting documentation.

<u>FILING FEE</u> - Pursuant to Local Rule 54(c)1, fees of the clerk are taxable as costs. Court records reflect that the filing fee in the amount of $150.00 was paid by the plaintiff on May 11, 2002. Therefore, this claim is allowed in the amount of $150.00.



TRANSLATOR - Plaintiff has submitted a claim for translator fee in the amount of $1,061.40. There is no documentation to support this claim. It is denied without prejudice to renewal within ten days upon the submission of proper documentation.

SUMMARY - For the reasons previously stated, plaintiff's bill of costs is allowed in the amount of $150.00.

**DEFENDANT STANADYNE'S VERIFIED BILL OF COSTS:**
ATTORNEY FEE AT TRIAL - The defendant has submitted a claim for attorney's fee at trial in the amount of $20.00, which is allowed pursuant to 28 USC 1923.

DEPOSITION TRANSCRIPT OF MY NGUYEN - Defendant is entitled to costs for an original and one copy of a transcript and any court reporter attendance fees, to be taxed at the prevailing page rate pursuant to Local Rule 80. Pursuant to Vol. VI, Chap. XX of the "Guide to Judiciary Policies and Procedures," maximum transcript rates for an original and one copy are $3.75 per page. Postage and handling and charges for delivery of transcripts are not recoverable as costs, Wahl v Carrier Mfg. Co., Inc., 511 F.2d 209, 217 (7th Cir., 1975). Deposition transcripts are taxable if used at trial in lieu of live testimony, for cross-examination, for impeachment, or in support of a successful motion for summary judgment pursuant to Local Rule 54(c)2(ii). A review of the court records reflect that plaintiff testified at trial. Defendant has submitted a claim for the deposition transcript of plaintiff in the amount of $425.06, which is allowed in the reduced amount of $419.06, eliminating the shipping and handling charge.

SUBPOENAS FOR NONPARTY WITNESSES TESTIFYING AT TRIAL - Process server fees are taxable only to the extent they do not exceed the costs that would have been incurred had the U. S. Marshal effected service, since only the Marshal's fee amount is actually statutorily authorized, U.S. v. Merritt Meridian Construction Corp., Pursuant to Local Rule 54(c)4(i),

witness fees are taxable when the witness has actually testified or was necessarily in attendance at trial and whether or not the witness voluntarily attended or was present under subpoena. The defendant has submitted claims for witness Christel Collins for service fee in the amount of $48.80 and attendance/mileage fee in the amount of $45.00. As the invoice submitted in support of the claim for service fee is not broken down, it is allowed in the statutory amount of $45.00. The documentation submitted in support of defendant's claim for Ms. Collins' attendance/mileage fee does not indicate the mileage. Therefore, this claim is allowed in the reduced amount of $40.00, which is the statutory rate.

INTERPRETER FEE AT TRIAL - Defendant has submitted a claim for interpreter fee in the amount of $530.70, which represents half of the amount charged. In its objection to plaintiff's bill of costs, defendant states that the fee was to be shared; however, there is no supporting documentation, such as a letter agreement, to this statement. Therefore, this claim is denied without prejudice to renewal within ten days upon the submission of supporting documentation.

SUMMARY ON DEFENDANT STANADYNE'S BILL OF COSTS - For the reasons previously stated, defendant Stanadyne's bill of costs is allowed in the amount of $524.06.

Pursuant to Local Rule 54(d), the parties may appeal this decision to the presiding judge within five days of the entry of this ruling.

KEVIN F. ROWE, CLERK


By:   /s/
      Mary A. Wiggins
      Deputy-in-Charge

```
************ -COMM. JOURNAL- ******************** DATE JUL-16-2003 ***** TIME 15:35 ********

         MODE = MEMORY TRANSMISSION            START=JUL-16 15:32    END=JUL-16 15:35

         FILE NO.=897

STN NO.   COMM.   ABBR NO.    STATION NAME/TEL NO.    PAGES    DURATION

 001       OK        ♪         96581339              005/005   00:01:47


                                              -SIEGEL OCONNOR          -
*********************************** -        - ***** -     860 527 5131- ********
```

# SIEGEL, O'CONNOR, ZANGARI, O'DONNELL & BECK, P.C.
## 150 Trumbull Street
## Hartford, Connecticut 06103
### JULY 16, 2003

---

### FACSIMILE TRANSMITTAL SHEET

| TO: | FROM: |
|---|---|
| Charles D. Houlihan, Jr. | Glenn A. Duhl, Esq. |
| **FAX NUMBER:** | **TOTAL NO. OF PAGES INCLUDING COVER:** |
| (860) 658-1339 | 5 |
| **RE:** | **IF THIS TRANSMISSION IS UNCLEAR PLEASE CONTACT:** |
| Nguyen v. Stanadyne Corporation | Ann Marie X217 |

☑ URGENT        ☑ FOR REVIEW        ☑ PLEASE REPLY

THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL OR EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT OR THE EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERING THE MESSAGE TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE, AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS BY THE UNITED STATES POSTAL SERVICE.

**MESSAGE:**

This is the resume and contract received from the translator about whom I spoke with you yesterday. Please inform me as to whether you will consent to Stanadyne and Phat Nguyen paying 50% and your client paying 50%.

---

Phone: (860)727-8900
Facsimile: (860) 527-5131

EXHIBIT B

SIEGEL, O'CONNOR, ZANGARI,
O'DONNELL & BECK, P.C.
150 Trumbull Street
Hartford, Connecticut 06103
*JULY 16, 2003*

### FACSIMILE TRANSMITTAL SHEET

| TO: | FROM: |
|---|---|
| Charles D. Houlihan, Jr. | Glenn A. Duhl, Esq. |
| FAX NUMBER: | TOTAL NO. OF PAGES INCLUDING COVER: |
| (860) 658-1339 | 5 |
| RE: | IF THIS TRANSMISSION IS UNCLEAR PLEASE CONTACT: |
| Nguyen v. Stanadyne Corporation | Ann Marie X217 |

☑ URGENT          ☑ FOR REVIEW          ☑ PLEASE REPLY

THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL OR EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT OR THE EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERING THE MESSAGE TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE, AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS BY THE UNITED STATES POSTAL SERVICE.

MESSAGE:

This is the resume and contract received from the translator about whom I spoke with you yesterday. Please inform me as to whether you will consent to Stanadyne and Phat Nguyen paying 50% and your client paying 50%.

Phone: (860)727-8900
Facsimile: (860) 527-5131

*Hue Lam*
*48 Sidney Avenue*
*West Hartford, CT 06110*
*(860) 913-8691*

| | |
|---|---|
| **OBJECTIVE:** | To secure a dynamic position in a legal environment wherein I can readily utilize and apply my extensive linguistic skills and considerable professional capabilities in a challengingly rewarding capacity offering diverse opportunities to be of outstanding service to both my employer and the firm's clients. |
| **LANGUAGES:** | English, 3 dialects of Chinese: Trieu Chau, Cantonese and Mandarin; Vietnamese. |

**TRANSLATIVE/**
**LINGUAL**

| | |
|---|---|
| 1/01-Present | **Clear Understandings, West Hartford, CT**<br>I am the Founder/Owner/Director of this premier translation and interpretation firm offering comprehensive interlingual services. Clients worthy of note are as follows: Inter-Community Mental Health Group/ State of CT Dept of Mental Health/ Cedarcrest Hospital, Newington, CT; 6/02-8/02: Federal Public Defender Thomas G. Dennis, in association with Attorney William H. Paetzold -- Conspiracy to Commit Forgery, full duration of trial; New Haven, CT Superior Court. I continue to furnish my services on a frequent basis to area attorneys seeking a qualified translator/ interpreter regarding depositional matters |
| 10/00-Present | **Translations & Interpretations, Manchester, CT**<br>Intermittent assignments upon request. |
| 6/99-12/00 | **Accu-World, West Hartford, CT**<br>Handled numerous clients of widely varying professional and/or personal concerns on a steady, full-time basis. Notable clients have included the following: Whiting Forensic Institute, Middletown, CT; State of CT Department of Children and Families, Middletown, CT; Translating and verifying for accuracy depositions given unto area attorneys. |

**EDUCATION**

| | |
|---|---|
| 10/98 - 01/00 | **Fox Institute of Business**, West Hartford, CT<br>Highly focused intensive curricular agenda, with special emphasis on Microsoft Word, Excel and Office 2000; computerized accounting and Quicken file management; legal office systems management, procedures and communications, business law; keyboarding, shorthand, legal transcription, and machine transcription. |

| | |
|---|---|
| 09/88 - 05/92 | **University of Connecticut**, Storrs, CT<br>Major: Business Communications. Bachelor's Degree Program studies in business law and communications, journalism, finance, accounting and essential personal computer literacy skills. |
| 09/83 - 06/87 | **Bulkeley High School**, Hartford, CT<br>High School Diploma |

## GENERAL EMPLOYMENT

| | |
|---|---|
| 07/94 - 08/98 | **Asian Palace Restaurant,** West Hartford, CT<br>Co-Owner, Manager<br>Accounting and personnel management, including hiring, scheduling and termination; supervision of all customer service, actively handling seating, reservations and a la carte orders. |
| 07/92 - 5/94 | **Golden Dragon Restaurant**, Manchester, CT<br>Hostess, F/T<br>Coordination of customer service, cursory supervision of wait staff, a la carte order management. |
| 09/86 - 06/87 | **Travelers Insurance Company**, Hartford, CT<br>Secretarial Assistant<br>Typing and filing of correspondence, extensive utilization of word processing software applications, dictation and routine handling of mail duties as assigned. |
| 06/85 - 03/86 | **Caldors**, West Hartford, CT<br>Cashier, P/T<br>Register processing of cash, check and credit sales transactions; fully responsible for all aspects of cash drawer inventory and control. |

| | |
|---|---|
| **VOLUNTEER ACTIVITIES** | **Hartford and Manchester Superior Courts**<br>Translator, 1990 to the present, on behalf of relatives and friends, donated solely to those who are unable to afford my services/fees. |
| **PERSONAL INTERESTS** | Swimming, travel, reading, fashion, traditional cuisines. |