

# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

MY NGUYEN,

PLAINTIFF.

CASE NO. 3:01 CV 832(AVC)

3:01CV832(AVC). March 31, 2004. This is an action for damages in which the the plaintiff alleged, <u>inter alia</u>, that her employer Stanadyne Automotive Corporation ("Stanadyne"), did not take appropriate corrective action in response to her complaints that a co-worker had made sexual advances towards her and that he had touched her. The three causes of action asserted against Stanadyne were brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, as amended by the Civil Rights Act of 1991 ("Title VII), the Connecticut Fair Employment Practices Act, Conn. Gen. Stat. § 46a-60, and 42 U.S.C. § 1981. On July 25, 2003 a jury returned a verdict, <u>inter alia</u>, in favor of Stanadyne on all three causes of action.[1] Stanadyne has filed the within motion for attorney's fees (document no. 50). For the reasons that hereinafter follow, Stanadyne's motion for attorney's fees is DENIED.

"[A] district court may in its discretion award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." <u>Christianburg Garment Co. v. EEOC</u>, 434 U.S. 412, 421 (1978). The same standard applies to a prevailing defendant's claim for attorney fees in a 42 U.S.C. § 1981 cause of action. See <u>Bridges v. Eastman Kodak Co.</u>, 102 F.3d 56, 58 n.1 (2d Cir. 1996).

Applying these principles, the court concludes that Stanadyne has failed to meet its burden of showing that the plaintiff's causes of action were frivolous, unreasonable, or without foundation. There was evidence in this case that the plaintiff was touched and subjected to sexual advances by her co-worker. Indeed, the jury concluded as much by finding that the plaintiff was "subjected to sexual advances, requests for sexual conduct, or other verbal or physical conduct of a sexual nature." See Verdict Form, Document No. 39. The jury nonetheless concluded that the plaintiff was not subjected to such pervasive and severe conduct that a reasonable person would find that the work environment was hostile. The plaintiff however did offer evidence in support of this element of the claim. See <u>Christianburg Garment Co. v. EEOC</u>, 434 U.S. 412, 422 (1978) ("'meritless' is to be understood as meaning groundless or without foundation, rather than simply that the plaintiff has ultimately lost his case"). With regard to the 42 U.S.C. § 1981 claim, the plaintiff's theory at trial was that the defendants had violated 42 U.S.C. § 1981 by failing to apply the company's sexual harassment policies to the plaintiff. The plaintiff presented evidence to support this claim. The court therefore concludes that the plaintiff's causes of action asserted against Stanadyne were not frivolous, unreasonable, or without foundation. Consequently, the motion for attorney's fees is DENIED.
SO ORDERED.

Alfred V. Covello, U.S.D.J.