UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MY NGUYEN,
   Plaintiff,

v.                               3:01CV832(AVC)

STANADYNE AUTOMOTIVE CORP.,
AND PHAT NGUYEN,
   Defendants.

*[FILED 2004 JUN 24 A 10:21 U.S. DISTRICT COURT HARTFORD, CT.]*

### RULING AND ORDER ON THE PLAINTIFF'S AND THE DEFENDANT'S AMENDED BILLS OF COSTS

    This is an action for damages in which the plaintiff alleged that a co-worker, Phat Nguyen, had improperly touched her and made unwanted sexual advances towards her, and that her employer, Stanadyne Automotive Corporation ("Stanadyne"), did not take appropriate corrective action in response to her complaints regarding Phat Nguyen's actions. It was brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, as amended by the Civil Rights Act of 1991 (Title VII), the Connecticut Fair Employment Practices Act, Conn. Gen. Stat. § 46a-60, 42 U.S.C. § 1981, and common law tenets concerning emotional distress and battery. On July 25, 2003, the jury returned a verdict in favor of Stanadyne on all counts and in favor of the plaintiff on her emotional distress and battery causes of action asserted against the individual defendant, Phat Nguyen.

    On July 31, 2003, the plaintiff filed a verified bill of costs. On September 12, 2003, Stanadyne filed a verified bill of costs. On January 21, 2004, the clerk of the court, by way of a

consolidated ruling on the parties' bills of costs, granted in part and denied in part both the plaintiff's and the defendant's bill of costs.  See Document No. 60.  The plaintiff and Standyne have both filed supplemental bills of cost seeking to have the clerk's ruling and order amended.  For the reasons that hereinafter follow, the clerk's ruling and order is amended as follows.

1.   Fees for Deputy Marshall Abraham Glassman:

The clerk denied the plaintiff's bill of costs with regard to the fee charged by a deputy marshal for service of process on Phat Nguyen because the plaintiff failed to submit any supporting documentation.  The plaintiff has now submitted documentation and seeks costs in the amount of $59.20.  Having considered the newly submitted documentation, the clerk's ruling and order is amended to reflect the fact that Phat Nguyen shall be taxed additional costs in the amount of $59.20.

2.   Cost of Deposing the Plaintiff:

The clerk granted Stanadyne's bill of costs with respect to the entire cost of deposing the plaintiff pursuant to Conn. L. R. Civ. P. 54(c)2(ii).  The plaintiff now maintains that Stanadyne is only entitled to one-half of the deposition cost because "both [the plaintiff and Stanadyne] incurred the cost" of the deposition.  However, the plaintiff has failed to provide any support for her contention that she incurred such costs.  Therefore, the plaintiff's objection to the clerk's ruling on

Stanadyne's bill of costs with respect to the cost of the plaintiff's deposition is DENIED.

3.  Costs for the Interpreter:

In its bill of verified costs, Stanadyne requested that it be awarded costs in the amount of one-half of the interpreter's fees. In support of this contention, Stanadyne maintained that counsel had agreed to split the cost of the interpreter and that defense counsel had, in fact, paid one-half of the interpreter's fees. The clerk denied Standyne's request because Stanadyne had failed to submit any supporting documentation indicating that the parties had so agreed and that such payments had been made. Stanadyne has now submitted evidence in support of its contention that the plaintiff's counsel and defense counsel agreed to split the cost of the interpreter and that defense counsel paid one-half of the interpreter's fees. The plaintiff does not dispute this contention.

Having considered the newly submitted evidence, the court concludes that Stanadyne is entitled to one-quarter of the costs of the translator. The evidence submitted indicates that defense counsel, who represented both Stanadyne and Phat Nguyen, paid one-half of the costs of the interpreter. However, only Stanadyne prevailed at trial and therefore only Stanadyne is entitled to its pro rata share of the cost of the interpreter. See Conn. L. R. Civ. P. 54(a)2. Stanadyne's pro rata share of the cost of the interpreter is one-quarter of the total

interpreter's fees. Therefore, the clerk's order on Stanadyne's bill of costs is amended to include $265.35, which represents one-quarter of the interpreter's fees.

At the same time, the plaintiff also apparently paid one-half of the interpreter's fees. However, the plaintiff prevailed against one of the two named defendants, and, therefore, is entitled to a pro rata share of the cost of the interpreter. The plaintiff's pro rata share of the cost of the interpreter is one-quarter of the total interpreter's fees. Consequently, the clerk's order on the plaintiff's bill of costs is amended to include $265.35, to be taxed against Phat Nguyen.

### CONCLUSION:

In accordance with the foregoing, the clerk's ruling and order on the bills of costs is amended as follows: (1) the plaintiff's bill of costs is allowed in the amended total amount of $474.55; and (2) Statnadyne's bill of costs is allowed in the amended total amount of $789.41.

It is so ordered this 24TH day of June, 2004, at Hartford, Connecticut.

Alfred V. Covello, U.S.D.J.